UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22341-BLOOM/Otazo-Reyes**

ALAC ENTERPRISES, INC.,

     Plaintiff,

v.

GEICO MARINE INSURANCE COMPANY,

     Defendant.

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant's Notice of Removal, ECF No. [1] ("Notice"), and Plaintiff's Complaint ("Complaint"), ECF No. [1-1] at 6-12. The case was removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court. For the reasons set forth below, the Court finds that Defendant has failed to establish the existence of subject matter jurisdiction in this case.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of

the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1332(a).

"To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted). Even so, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v.*

*Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, No. 8:16-cv-306-T-24 JSS, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Defendant asserts that this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. *See* ECF No. [1] ¶ 5. The Court first reviews the allegations in the Complaint to determine whether the amount in controversy is satisfied. Plaintiff's Complaint asserts claims for damages sustained as a result of Defendant's failure to provide coverage pursuant to an insurance policy on Plaintiff's vessel. Significantly, in the first paragraph of the Complaint, Plaintiff alleges that: "[t]his is an action for damages in excess of $30,000.00 . . . ." ECF No. [1-1] at 6, ¶ 1. As such, it is not facially apparent from the Complaint that the amount in controversy is satisfied.

Because Plaintiff does not plead a specific amount of damages, the Court next looks at the Notice to determine whether the amount in controversy is satisfied, mindful that it is Defendant's burden to establish subject matter jurisdiction. Defendant contends that the amount in controversy

is satisfied in part because the vessel in question was insured for actual cash value, and at the time

of the loss, the actual cash value of the vessel was approximately $38,000.00. *See* ECF No. [1]

¶ 16. In addition, Defendant submits that Plaintiff will presumably seek to recover attorney's fees

under Fla. Stat. § 627.428(1), and the Court may include such fees in the amount in controversy.

*See id.* ¶¶ 13-14. Defendant notes that Plaintiff has claimed, in a related case, to have suffered

damages "in the amount of the principal amount outstanding on the Note $41,137.68, plus the

broker's fee, interest, *attorney's fees*, and costs." *Id.* ¶ 23 (emphasis added). Defendant further

avers that Plaintiff's counsel likely incurred attorney's fees of at least $37,000.01 in this case and

related cases, given that Defendant's counsel has incurred $60,000.00 in this case and related cases.

*See id.* ¶¶ 26-27. As such, Defendant claims that the Court can conclude that the demand for

reasonable attorney's fee and the actual cash value of the vessel would easily exceed the amount

necessary to satisfy the amount in controversy. The Court disagrees.

"The general rule is that attorneys' fees do not count towards the amount in controversy

unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors,

LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th

Cir. 1981)); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a

statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in

the amount in controversy."); *see also Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

However, "when the amount in controversy substantially depends on a claim for attorney fees, that

claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10

(11th Cir. 2000).

Here, other than Defendant's conclusory assertion that reasonable attorney's fees combined

with the actual cash value of the vessel would exceed the amount necessary to satisfy the amount

Case No. 22-cv-22341-BLOOM/Otazo-Reyes

in controversy based on Defendant's counsel's fees to date in this case and related cases, Defendant

has provided no evidence of the amount of attorney's fees incurred by Plaintiff to date in this case

or related cases. Further, the Court is unaware of, and Defendant fails to cite, any legal authority

establishing that attorney's fees in related cases can be used to satisfy the amount in controversy

in this case. Defendant seeks to remove this case, not related cases.

Thus, upon review, the Court finds that Defendant's Notice is facially deficient in that it

fails to demonstrate that the $75,000.00 amount in controversy requirement has been satisfied. The

Court, therefore, concludes that diversity jurisdiction is lacking, rendering it without subject matter

jurisdiction to preside over Plaintiff's claims.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk

of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 28, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record